■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR GLEIM, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 19, 1971, convicting him of assault in the second degree, upon a guilty plea, and sentencing him to an indeterminate prison term not to exceed three years. Judgment modified, in the exercise of discretion, by reducing the sentence to the time served. As so modified, judgment affirmed. In our opinion the sentence was excessive to the extent indicated herein. Rabin, P. J., Munder, Martuscello and Gulotta, JJ., concur.

■ BARBARA REMY et al., Respondents, v. SYOSSET HOSPITAL, Defendant, and NICHOLAS POLOUKHINE, Appellant.— In a medical malpractice action, defendant Poloukhine appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated August 13, 1971, as denied his motion to examine plaintiff Ramon Remy before trial. Order reversed insofar as appealed from, without costs, and motion granted, on condition that defendant Poloukhine pay $250 to plaintiffs' attorney. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by defendant Poloukhine, or at such time and place as the parties may agree upon; and said $250 shall be paid not later than the time of giving such notice or the agreement of the parties as to the time and place of the examination. In our opinion, the dilatory conduct of appellant's attorneys with respect to the prior opportunity to examine before trial warranted the imposition of the condition of paying $250 and the withholding of costs on this appeal, as hereinabove provided. Rabin, P. J., Hopkins, Munder, Martuscello and Brennan, JJ., concur.

■ WAYNE G. SALA, Appellant, v. CAMILLE F. SPALLONE, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered June 28, 1971, in favor of defendant upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. The trial court committed reversible error in denying plaintiff's request to charge the jury that he should be held to a lesser burden of proof if the jury is satisfied, from the medical and other evidence presented, that he suffers from a loss of memory that makes it impossible for him to recall events at or about the time of the accident and that the injuries he received as a result of the accident were a substantial factor in causing his memory loss (*Schechter* v. *Klanfer*, 28 N Y 2d 228). It was also error for the court to refuse to allow into evidence the proffered expert medical testimony concerning plaintiff's amnesia on the ground that the loss of memory had not been listed as a claimed item of damages in plaintiff's bill of particulars. Latham, Acting P. J., Shapiro and Gulotta, JJ., concur; Christ, J., dissents and votes to affirm the judgment.